**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Zhejiang Ledison Optoelectronics Co., Ltd.,

*Plaintiff,*

v.

THE INDIVIDUALS, CORPORATIONS,
LIMITED LIABILITY COMPANIES,
PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE "A" HERETO,

*Defendants.*

**CASE NO. 26-cv-4643**

**Jury Trial Demanded**

**COMPLAINT**

This is an action brought under the Patent Act by Plaintiff Zhejiang Ledison Optoelectronics Co., Ltd. ("Plaintiff"), by and through its counsel, against Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants"), for patent infringement of Plaintiff's U.S. Patent No. 9,261,242 (the "'242 Patent"), Kind Code C1, as reflected in Exhibit B. Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**INTRODUCTION**

1

1. Plaintiff files this action to prevent Defendants, who infringe Plaintiff's patented invention, from further selling and/or offering for sale LED light bulbs and LED light-emitting strips capable of emitting $4\pi$ light (collectively, the "Infringing Products"). The existence of the Infringing Products has hampered Plaintiff's ability to enter and expand its footprint in the market, a market within which Plaintiff should have exclusionary rights under its patent.

2. Defendants operate e-commerce storefronts and advertise, offer for sale, and/or sell the Infringing Products online. Plaintiff brings this action to stop Defendants' infringements of the '242 Patent and to recover damages. Plaintiff has been, and continues to be, irreparably damaged through loss of market share (including the inability to generate and expand market share) and erosion of Plaintiff's patent rights because of Defendants' actions and therefore seeks injunctive and monetary relief.

## THE PARTIES

3. Plaintiff Zhejiang Ledison Optoelectronics Co., Ltd. is a company organized and existing under the laws of the People's Republic of China, with its principal place of business in Hangzhou, Zhejiang Province, China.

4. Upon information and belief, Defendants are business entities, individuals, and/or unincorporated associations that own and/or operate e-commerce storefronts, including the storefronts identified in Schedule A hereto, through which they advertise, offer for sale, sell, and/or distribute the Infringing Products. See Schedule A and Exhibit A.

5. Upon information and belief, Defendants sell the Infringing Products at

least through Amazon.com, under the seller names, seller IDs, and storefront identifiers set forth in Schedule A. The business addresses associated with those storefronts, as presently known to Plaintiff, are also identified in Schedule A. See Schedule A and Exhibit A.

## JURISDICTION AND VENUE

6. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 et seq., 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

7. Personal jurisdiction is proper because each Defendant directly targets consumers in the United States, including in Illinois, through a fully interactive storefront on Amazon.com operating under the seller names identified in Schedule A, where each Defendant advertises, displays, and offers to sell one or more of the Infringing Products. As confirmed by test purchases, each Defendant has sold and shipped one or more of the Infringing Products to an address within the Northern District of Illinois. See Exhibit A. As a result, each Defendant has purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed patent infringement activities at the state; Plaintiff's injuries stem from each Defendant's forum-related activities of advertising, offering to sell, selling, and/or shipping the Infringing Products to the forum state; and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

8. Each Defendant has targeted sales from Illinois residents by operating an

online store that offers shipping to the United States, including Illinois, accepts payment in United States Dollars, is in English, and has sold and shipped one or more Infringing Products to Illinois residents.

9. Alternatively, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2), where "a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Based on the limited information found on Defendants' Infringing Product listings and storefront information, and based on the seller aliases being of foreign origin, each Defendant is a foreign entity, individual, or unincorporated association that, to the extent such Defendant is not subject to general jurisdiction in any single state, is not subject to any state's courts' general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because Defendants are foreign entities or individuals, and "a defendant not resident in the United States may be sued in any judicial district." 28 U.S.C. § 1391(c)(3).

## PLAINTIFF'S BUSINESS AND THE '242 PATENT

10. Plaintiff is the manufacturer and seller of LED light bulbs and LED light-emitting strips capable of emitting $4\pi$ light ("Plaintiff's Products"). Plaintiff values its intellectual property portfolio and regularly innovates new products and protects those inventions with its intellectual property. Plaintiff also monetizes its innovations by

4

licensing patented technology, including the technology covered by the '242 Patent, to third parties on commercially reasonable terms.

11. Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting and protecting its products and patent rights.

12. On February 16, 2016, the United States Patent and Trademark Office ("USPTO") duly issued U.S. Patent No. 9,261,242 (the "'242 Patent"), entitled "LED Light Bulb and LED Light-Emitting Strip Being Capable of Emitting $4\pi$ Light." Thereafter, on January 28, 2020, the USPTO issued an Ex Parte Reexamination Certificate for the '242 Patent, resulting in U.S. Patent No. 9,261,242, Kind Code C1. Plaintiff asserts infringement of the '242 Patent as amended and confirmed by the C1 reexamination certificate, as reflected in Exhibit B.

13. Plaintiff is presently the owner of the Patent, having received all right, title and interest in and to the Patent from the previous assignee of record. Plaintiff possesses all rights of recovery under the patent, including the exclusive right to recover for past infringement.

14. The '242 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35. U.S.C. § 282.

15. The '242 Patent has four (4) independent claims and eight (8) dependent claims. Claim 1 of the '242 Patent, as set forth in the C1 version attached as Exhibit B, reads:

An LED light bulb, comprising:

a [LED light] light-transmission bulb shell; a core column with an exhaust tube, an electrical power lead, and a bracket; a driver and; at least one LED light emitting strip fixed on the bracket, which is supported by the exhaust tube, for fixing the at least one LED light emitting strip, electrode leads at two ends of the LED light emitting strip are connected with the driver and an electrical connector via the electrical power lead in the core column, the LED light emitting strip comprises a transparent substrate strip, with a plurality of LED chips mounted thereon, [in a manner that permits] wherein the LED chips have transparent chip substrates wherein the LED chips are fixed onto the transparent substrate strip by a transparent glue to permit the at least one LED light [bulb] emitting strip to emit $4\pi$ light; [a driver; and an electrical connector,] wherein the [LED light] light-transmission bulb shell is vacuum sealed with the exhaust tube of the core column so as to form a vacuum sealed chamber, which is filled with a gas having a low coefficient of viscosity and a high coefficient of thermal conductivity, to perform convection dissipation without a metal heat sink and thereby take away heat generated by the LED light emitting strip when the LED light emitting strip is operating, via convection and conduction of the gas, through the light-transmission bulb shell; wherein the gas having a low coefficient of viscosity and a high coefficient of thermal conductivity includes He, H2, or a mixed gas of He and $H_2$, and at room temperature the gas has a gas pressure in the range of 50-1520 Torrs, wherein the bracket and the LED light emitting strips fixed on the bracket are housed in the vacuum sealed chamber, the LED light emitting strips

6

being connected in series or in series and parallel, and arrangement of the LED light emitting strips is in the form of V, W, column, cone or plane; each of the LED light emitting strips having one LED electrode lead wire at each of two ends, with a first end of each of the LED electrode lead wires connected to one of the plurality of LED chips of the LED light emitting strips by an electrical connection wire, while a second end of each of the LED electrode lead wires is connected to a LED electrode lead wire of another LED light emitting strip by a metal wire or to an electrical power lead of the LED light bulb, wherein the LED light emitting strips are supported with the LED light bulb by fixing the metal wires on a pillar of the core column.

16.    Plaintiff's Products incorporate the patented invention and are known for the distinctive patented features embodied therein.

## **DEFENDANT'S PRODUCTS**

17.    Defendants offer, sell, and/or distribute the Infringing Products on Amazon.com under the seller names and through the storefronts identified in Schedule A. As demonstrated below and in the claim charts attached as Exhibit C, the Infringing Products being sold by Defendants infringe at least Claim 1 of the Patent.

18.    With respect to the '242 Patent, the Infringing Products comprise LED light bulbs. The infringement testing confirms that the tested products include integrated LED light sources, internal electrical driver circuitry, and power input structures, and therefore meet and satisfy the limitation of Claim 1(a) as recited.

19. With respect to the '242 Patent, the Infringing Products comprise light-transmission bulb shells forming the outer enclosures of the LED light bulbs. The bulb shells are transparent and allow light emitted from the internal LED light emitting strips to pass through, thereby literally meeting the limitation of Claim 1(b).

20. With respect to the '242 Patent, the Infringing Products comprise core columns with exhaust tubes, electrical power leads, and brackets. Disassembly and inspection during the infringement testing demonstrate that the Infringing Products employ central core column structures including these elements, and accordingly meet and satisfy Claim 1(c) as recited.

21. With respect to Claim 1(d) of the '242 Patent, the infringement testing results show that the Infringing Products comprise light-transmission bulb shells enclosing internal structures that employ core columns including exhaust tubes, electrical power leads, and brackets. The Infringing Products further include drivers and at least one LED light emitting strip fixed on the bracket, which is supported by the exhaust tube, in a manner consistent with the configuration recited in Claim 1(d). The LED light emitting strips comprise transparent substrate strips, with a plurality of LED chips mounted thereon. The LED chips have transparent chip substrates and are fixed onto the transparent substrate strips by transparent glue, thereby permitting the LED light emitting strips to emit $4\pi$ light, consistent with the claimed structure and function.

22. With respect to Claim 1(e) of the '242 Patent, the infringement testing demonstrates that the Infringing Products include electrical connectors and that the light-transmission bulb shells are vacuum sealed with the exhaust tubes of the core columns to

form vacuum sealed chambers. The testing further shows that, upon information and belief, the vacuum sealed chambers are filled with gases used for thermal dissipation, without metal heat sinks, to remove heat generated by the LED light emitting strips through convection and conduction via the gas and the bulb shells. The gases employed are consistent with gases having low coefficients of viscosity and high coefficients of thermal conductivity, including He, H2, or mixtures thereof, within pressure ranges consistent with those recited in Claim 1(e). Accordingly, the Infringing Products meet and satisfy Claim 1(e).

23.     With respect to Claim 1(f) of the '242 Patent, the infringement testing confirms that the brackets and the LED light emitting strips fixed on the brackets are housed within the vacuum sealed chambers. The testing further confirms that the Infringing Products employ LED light emitting strip arrangements that fall within the forms expressly recited in Claim 1(f), including forms such as V, W, column, cone, and plane, and that the LED light emitting strips are connected in series or in series and parallel as recited. Each LED light emitting strip has one LED electrode lead wire at each of its two ends, with a first end connected to one of the plurality of LED chips by an electrical connection wire, and a second end connected either to a LED electrode lead wire of another LED light emitting strip or to an electrical power lead by a metal wire.

24.     With respect to Claim 1(g) of the '242 Patent, the infringement testing confirms that the LED light emitting strips in the Infringing Products are mechanically supported within the LED light bulbs by fixing metal wires on pillars of the core columns. The claim charts attached as Exhibit C are illustrative and representative of the Infringing

Products sold by Defendants and are made without the benefit of discovery or claim construction. Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

## **JOINDER OF DEFENDANTS**

25.     Generally, defendants may be joined in a single action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). However, joinder in patent cases is governed by 35 U.S.C. § 299, which permits joinder of accused infringers only if: (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and (2) questions of fact common to all defendants will arise in the action.

26.     This is not a case where joinder is sought based solely on allegations that each Defendant has infringed the same patent. Rather, Plaintiff alleges, based on test purchases, testing, and analysis, that Plaintiff's claims against Defendants arise out of a series of transactions or occurrences relating to the making, using, offering for sale, selling, and/or importing of the same accused product, and that Plaintiff's claims against Defendants will involve substantially overlapping questions of law and fact. See *In re EMC Corp.*, 677 F.3d 1351, 1359–60 (Fed. Cir. 2012).

27.     More specifically, the Infringing Products are LED light bulbs comprising the structural features recited in Claim 1 of the '242 Patent, including a light-transmission bulb shell, a core column with an exhaust tube, an electrical power lead, and a bracket, a driver, and at least one LED light emitting strip fixed on the bracket. See Exhibit C. As set forth in Claim 1 of the '242 Patent, the claimed LED light emitting strips may be arranged in the form of V, W, column, cone, or plane. See Exhibit B. Although certain Infringing Products may differ in bulb shape, filament count, or the particular arrangement form employed, those differences fall within the embodiments expressly recited in Claim 1 and do not alter the fact that the Infringing Products are, in substance, the same accused LED light bulb product. See *Aquapaw Brands LLC v. Flo Pet*, No. 2:21-cv-00988-CCW, ECF No. 58, at 4–5 (W.D. Pa. July 29, 2022).

28.     Further, adjudicating Defendants' infringement will involve substantially overlapping questions of law and fact. Determining Defendants' liability will require the Court to construe and apply the same claim language of the '242 Patent, evaluate the same claimed structures and configurations, and consider the same categories of testing and analysis concerning the Infringing Products. Joinder will therefore promote judicial economy, avoid duplicative litigation, and reduce the risk of inconsistent rulings.

29.     The online storefronts operating under the seller names identified in Schedule A offer for sale the Infringing Products through Amazon.com to consumers in the United States, including in this District. Each such product was made the subject of a test purchase, testing, and analysis, and Plaintiff alleges based on that testing and analysis that each satisfies all limitations of at least Claim 1 of the '242 Patent. See Exhibit C. The

substantial commonality of the Infringing Products in the respects relevant to Claim 1, together with Plaintiff's test purchases, testing, and analysis, further reasonably suggests that the products likely originated from one or a limited number of common or closely related suppliers. The listings also share common visual and marketing indicia, including highly similar product presentation, promotional imagery, and specification-style graphics across apparently unrelated storefronts. See Exhibit A. In addition, third-party online marketplace conditions permit sellers to establish multiple virtual storefronts and generally do not require seller profiles associated with the same business, or with related businesses or owners, to be linked in a manner visible to rights holders, making it difficult to identify the true relationships among apparently unrelated storefronts. [1]

30.     Under these circumstances, Plaintiff alleges that its claims against Defendants satisfy the requirements for joinder under 35 U.S.C. § 299.

## DEFENDANT'S UNLAWFUL CONDUCTS

31.     The success of the invention claimed in the '242 Patent has resulted in significant infringement of Plaintiff's patent. The infringements have hampered Plaintiff's ability to generate and expand market share for Plaintiff's Products and have harmed the licensing value of the '242 Patent. Plaintiff has established an anti-infringement program that includes investigating suspicious websites and online marketplace listings found through proactive internet monitoring.

32.     Plaintiff found that Defendants infringed and are still infringing the '242

---

[1] U.S. Dep't of Homeland Sec., Office of Strategy, Policy, & Plans, *Combating Trafficking in Counterfeit and Pirated Goods* 22, 39 (Jan. 24, 2020), available at
https://www.dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf

Patent by selling and offering for sale the Infringing Products via the online marketplace Amazon.com.

33. Defendants target consumers in this Judicial District by operating e-commerce storefronts and listings on Amazon designed for customers across the United States, including consumers in Illinois, by shipping products to consumers in the United States, including consumers in Illinois, and by accepting payment in U.S. dollars. See Exhibit A.

34. Defendants have offered for sale and sold the Infringing Products to residents of Illinois.

35. Defendants are not authorized to use any of Plaintiff's intellectual property, including the '242 Patent.

36. Defendants are neither licensees nor authorized sellers of Plaintiff or any of Plaintiff's licensees.

37. Defendants have manufactured, imported, distributed, offered for sale, and sold the Infringing Products in the United States, including this District.

38. Defendants, without any authorization or license from Plaintiff, have infringed the '242 Patent by making, using, offering for sale, selling, and/or importing Infringing Products and distributing, offering for sale, and selling Infringing Products into the United States and Illinois over the Internet.

39. Defendants' unauthorized use and/or manufacturing of the invention

claimed in the Patent in connection with the distribution, offering for sale, and sale of the Infringing Products, including the sale of the Infringing Products into the United States, including Illinois, is likely to cause, and has caused, loss of market share and erosion of Plaintiff's patent rights, thereby irreparably harming Plaintiff. Plaintiff has been irreparably harmed by Defendants' infringing activities.

40.     Plaintiff placed orders for the Infringing Products on Amazon.com from Defendants' storefronts identified in Exhibit A. The Amazon orders directed shipment to an address in the Chicago, Illinois area. Laboratory testing and analysis confirmed that the Infringing Products practice and/or embody the patented invention claimed in the '242 Patent. Results of the testing are attached as Exhibit C.

### COUNT I
### (DIRECT PATENT INFRINGEMENT OF THE U.S. PATENT NO. 9,261,242)

41.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

42.     As shown, Defendants manufacture, import, distribute, offer for sale, and sell the Infringing Products in the United States, including this District. Defendants, without any authorization or license from Plaintiff, have offered for sale, sold, and/or imported into the United States for subsequent resale or use Infringing Products that directly infringe the Patent, literally and/or under the doctrine of equivalents.

43.     As shown in the claim charts attached as Exhibit C, the Infringing Products being sold by Defendants infringe at least Claim 1 of the Patent. The claim charts apply Claim 1 as set forth in the '242 Patent attached as Exhibit B. The claim charts are

illustrative only and are made without the benefit of discovery or claim construction, and Plaintiff reserves the right to modify its infringement theory as appropriate as the case proceeds.

44. Specifically, Defendants have infringed and continue to infringe at least one claim of the '242 Patent by making, using, importing, selling, and/or offering to sell their Infringing Products in the United States without authorization or license from Plaintiff.

45. Defendants have profited by their infringements of the '242 Patent, and Plaintiff has suffered actual harm as a result of Defendants' infringements.

46. As a direct and proximate result of Defendants' infringements, Plaintiff has suffered irreparable harm and monetary and other damages in an amount to be determined. Defendants' infringements of the '242 Patent in connection with the offering to sell, selling, or importing of products that infringe the '242 Patent, including such acts in the State of Illinois, are irreparably harming Plaintiff. Defendants' wrongful conducts have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions, as well as the lost sales and loss of repeat sales stemming from the infringing acts.

47. Plaintiff is entitled to recover damages adequate to compensate for the infringement, pursuant to 35 U.S.C. § 284, in no event less than a reasonable royalty.

48. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. Unless Defendants are permanently enjoined by this Court from continuing its infringement of

the '242 Patent, Plaintiff will continue to suffer additional irreparable harm, including loss of market share and erosion of patent rights.

## COUNT II
### (UNFAIR COMPETITION)

49.     Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

50.     Despite Plaintiff's ownership of a valid and enforceable patent embodied in its products and sold in what should have been an exclusive market, Defendants have developed, manufactured, imported, advertised, and/or sold the Infringing Products that violate the Patent. See Exhibit A. These acts of infringement have prevented Plaintiff from generating and expanding its market share in what should have been an exclusive field.

51.     By selling products which infringe upon the '242 Patent, Defendants are competing for sales with Plaintiff and its distributors with products that Defendants are prohibited from selling under U.S. Patent law.

52.     By selling products that infringe upon the Patent, Defendants are competing for sales against Plaintiff in an unfair and unlawful manner.

53.     On information and belief, Defendants' sales of products that infringe the '242 Patent have diverted sales from Plaintiff and undermined Plaintiff's patent rights.

54.     On information and belief, Defendants' conducts have caused and will continue to cause harm to Plaintiff, including lost sales and erosion of its lawful patent rights.

55. Plaintiff is entitled to recover money damages to compensate for Defendants' unfair conducts.

56. Plaintiff has no adequate remedy at law and, if Defendants' activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury.

57. Collectively, Defendants' conducts constitute unfair competition and have caused Plaintiff harm.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. making, using, offering to sell, selling, and/or importing any product that infringes one or more claims of the '242 Patent;

    b. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon the '242 Patent;

    c. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) and (b).

B. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including without limitation, any websites and/or online marketplace platforms, such as Amazon, eBay, Temu, and Walmart, shall

disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of goods that infringe the '242 Patent.

C. That Judgment be entered against Defendants finding that they have infringed upon the '242 Patent.

D. That Plaintiff be awarded damages against each Defendant for that Defendant's infringement, in an amount to be proven at trial, but in no event less than a reasonable royalty pursuant to 35 U.S.C. § 284, together with interest and costs.

E. A finding that Defendants engaged in unfair competition.

F. That Plaintiff be awarded its reasonable costs.

G. Award Plaintiff such other and further relief as this Court deems just and proper.

Dated: April 24, 2026

Respectfully submitted,

*/s/Xiaofu Huang*
Xiaofu Huang
*Counsel for Plaintiff*
NDIL Bar Number 5460555
Delta IP Law PLLC
20 F Street NW, Suite 700
Washington, DC 20001
213-887-0265
floria@deltaiplaw.com

**DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 24, 2026                                                 Respectfully submitted,

*/s/Xiaofu Huang*
Xiaofu Huang
*Counsel for Plaintiff*
NDIL Bar Number 5460555
Delta IP Law PLLC
20 F Street NW, Suite 700
Washington, DC 20001
213-887-0265
floria@deltaiplaw.com
